**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **CANDACE MIZE** | |
| *One Behalf of Herself and All Others Similarly Situated,* | |
| | **Case No.: 2:21-cv-38** |
| Plaintiff, | |
| | **Collective Action Complaint** |
| v. | |
| **300 "F' STREET, INC.,** d/b/a **THE RED CARPET LOUNGE, a Domestic For-Profit Corporation and SCOTT B. JACKMORE, Individually** | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, a Domestic For-Profit Corporation and SCOTT B. JACKMORE, Individually, by and through their undersigned attorney, hereby files their Answer and Affirmative Defenses to the Collective Action Complaint filed by Plaintiff; and in support thereof states that each and every allegation of the Complaint not specifically admitted is hereby denied and strict proof is demanded thereof, and as follows:

**Preliminary Statement**

1. Defendants admit that this Complaint purports to bring an action individually that seeks to be a collective action seeking unpaid minimum wages, unpaid overtime compensation,

back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*; but denies that this action qualifies as a collective action and further denies that Defendants are subject to the FLSA or are liable to Plaintiff under any theory of recovery or liability.

2. Denied.

3. Denied.

4. Defendants admit that Plaintiff seeks unpaid minimum wage compensation, statutory liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages allegedly permitted by applicable law, but Defendants specifically, and without limitation, deny Plaintiff has properly pled any such claims, can establish any liability with any Defendant, has alleged any theory under which any recovery would be due Plaintiff, and is due any damages or liability from Defendants.

## Jurisdiction and Venue

5. Admitted for jurisdictional purposes only, but denied that there is any coverage under the FLSA as to Defendants.

6. Admitted for jurisdictional purposes regarding Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, but denied as to Defendant SCOTT B. JACKMORE.

7. Admitted for venue purposes regarding Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, but denied as to Defendant SCOTT B. JACKMORE.

8. Without knowledge, therefore denied.

## Parties

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Admitted that Plaintiff may have been an exotic dancer at Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, but denied that Plaintiff was "employed" therein.

12. Without knowledge, therefore denied.

13. Admitted that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, is a corporation formed under the laws of the State of Georgia but denied that it functions solely as a "strip club" and that exotic dancers are "featured" therein as alleged in this Paragraph 13 of the Complaint.

14. Admitted that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, operates at 300 F Street, Brunswick, Georgia, but denied that it functions solely as a "strip club".

15. Denied. Defendant SCOTT B. JACKMORE is a resident of Jacksonville, Florida.

16. Admitted.

17. Denied.

18. Admitted that Defendant SCOTT B. JACKMORE had the authority to hire, fire, and manage employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, but denied that Plaintiff and the generalized group of "other exotic dancers" were in any manner employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE.

19. Admitted that Defendant SCOTT B. JACKMORE had the authority to set and alter work schedules and work hours of employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, but denied that Plaintiff and the generalized group of "other exotic dancers" were in any manner employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE.

20. Denied that Defendant SCOTT B. JACKMORE was individually in charge of keeping and maintaining all employment records for all employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, and more specifically and without limitation denied that Plaintiff and the generalized group of "other exotic dancers" were in any manner employees of Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE.

## Coverage

21. Denied.

22. Denied.

23. Denied, and more specifically denied in that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE ever had an annual gross volume of sales made or business done exceeding $500,000.00.

24. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

25. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

26. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

27. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

28. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

29. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

30. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

31. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

32. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

33. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

34. Without knowledge at this time and prior to investigation and review, and therefore denied, and more specifically denied that Plaintiff was ever employed by Defendants.

35. Denied in whole, and specifically denied that Plaintiff was employed by Defendants, that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE is a facility of interstate commerce in any manner, and that Plaintiff, "other exotic dancers" or Defendants were personally engaged in interstate commerce.

## Factual Allegations

36. Admitted only that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE is a bar that functions under the laws of the State of Georgia but denied that it functions solely as a "strip club" and that exotic dancers are "featured" therein as alleged in this Paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Misclassification as Independent Contractors

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Admitted that Defendants, through supervisors and managers, would supervise both employees and independent contractors, but denied that Plaintiff and the undefined and

ambiguous "other female exotic dancers" ever had employee reviews or any employment duties.

51. Admitted that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, through supervisors and managers, could deny any individual – be he or she a customer, employee, or independent contractors – from entrance or presence on the premises of the Bar, but denied that any such admission or denial of permission constituted any direct or indirect, constructive or actual employment relationship. Further admitted that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, through supervisors and managers, would conduct initial reviews, and not interviews, of potential independent contractors, but denied that Plaintiff and the undefined and ambiguous "other female exotic dancers" ever had employment interviews or were ever "hired" by Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE.

52. Admitted that Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE, through supervisors and managers, could deny any individual – be he or she a customer, employee, or independent contractors – from entrance or presence on the premises of the Bar for any reason or no reason, including a violation of rules or policies (e.g., a customer bringing in alcohol from outside the Bar, or a customer being aggressive or argumentative at the Bar.) but denied that any such admission or denial of permission to be on the premises of the Bar constituted any direct or indirect, constructive or actual employment relationship. A belligerent customer who was ejected from the premises of the Bar due to a violation of a rule or policy of the Bar does not suddenly establish rights as an employee,

nor does any act or omission to act done by Plaintiff or the undefined and ambiguous "other female exotic dancers."

53. Denied, as the allegation in this Paragraph 53 of the Complaint assumes that there was ever any employment of Plaintiff or the undefined and ambiguous "other female exotic dancers," which Defendants deny.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### FSLA Collective Action Allegations

58. Defendants admit that this Complaint purports to bring an action pursuant to 29 U.S.C. § 216(b), but denies that this action qualifies as a collective action and further denies that Defendants are subject to the FLSA or are liable to Plaintiff under any theory of recovery or liability.

59. Denied.

60. Denied.

### CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**28 U.S.C. §§ 203(m), 206**
**(Unlawful Tip Deductions and Failure to Pay Minimum Wage)**
**(On Behalf of Named, Opt-In, and Putative Plaintiffs)**

61. Defendants re-allege and incorporate paragraphs 1 through 60 above, as if they were fully restated herein.

62. Admitted.

63. Admitted that the FLSA prohibits such actions as described herein this Paragraph 63 of the Complaint, but denied that Defendants are statutorily-bound or covered by the FLSA or that Defendants did such actions as described herein this Paragraph 63 of the Complaint.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied in whole and in each subpart herein this Paragraph 69 of the Complaint.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendants generally deny the allegations contained within the Plaintiff's Complaint, including, without limitation, that Defendant SCOTT B. JACKMORE is a resident of the State of Georgia and that either Defendant is a covered entity under the FLSA, and demand strict proof thereof as required by both the Constitutions of the United States of America and the State of Georgia, Statutes, Laws and Rules of Procedure. Defendants reserve the right to amend this Answer to assert any counterclaims or causes of action that may have against Plaintiff and any other party and to avert any affirmative defenses available, within the time allowed and/or by and at the discretion of the Court. Further, Defendants demand a trial by jury.

Defendants hereby assert the following defenses and affirmative defenses in response to all claims made by Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's Complaint, and each and every purported cause of action set forth therein, fails to state a cause of action upon which relief can be granted in so far as Plaintiff merely makes conclusory allegations and does not support them with sufficient facts so as to state a claim against the Defendants. Neither the subject Bar, nor any actions of Plaintiff, fall within the protections of the Fair Labor Standards Act (the "FLSA"), 29 § 201, *et. seq.* Specifically, Defendants do not qualify as an "Enterprise Coverage," since although Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE has more than two (2) employees, it has not generated an annual dollar volume of sales or business done of at least $500,000.00. Further, Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE does not qualify as "Individual Coverage", as the work of neither Plaintiff nor any "exotic dancer" at the Bar would regularly involve them in commerce between States ("interstate commerce"), and the FLSA exclusively covers individual workers who are "engaged in commerce or in the production of goods for commerce." Neither Plaintiff nor any "exotic dancer" at the Bar produced any goods (e.g., a worker assembling components in a factory or a secretary typing letters in an office) that would be sent out of the State of Georgia, regularly made telephone calls to persons located in other States as part of any job, handled records of any interstate transactions, traveled to any other States as part of any job for Defendants, nor did any janitorial work in buildings where goods are produced for shipment outside the State of Georgia.

## SECOND AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred in whole or in part by the Doctrine of Unclean

Hands. Specifically, and without limitation, Plaintiff should not be permitted to procure a judgment when, on information and belief, Plaintiff obtained, accepted, benefited from, and retained unemployment and/or other financial assistance from the State of Georgia and/or the United States of America by representing to one (1) or more such entities that Plaintiff was not employed at the time such assistance was requested and/or received.

### THIRD AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred under 29 U.S.C. § 259 because the acts or omissions complained of were in good faith and in conformity with and in reliance on written administrative regulations, orders, formal rulings, approvals and interpretations of the United State Department of Labor ("DOL") and upon the administrative practice and enforcement policy of the DOL with respect to the class of employers to which Defendant 300 "F" STREET, INC. d/b/a THE RED CARPET LOUNGE belongs.

### FOURTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred because Plaintiff is exempt from the protections of the FLSA for numerous and various reasons, including, *inter alia*, that Plaintiff was an exempt professional entertainer.

### FOURTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred because Plaintiff never performed, during the applicable Statute of Limitations period, as an employee of Defendant 300 "F" STREET, INC.

d/b/a THE RED CARPET LOUNGE, and rather she performed, if at all, as an independent professional exotic dancer at the Bar.

### FIFTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants state that Plaintiff was not an employee pursuant to the FLSA, and each and every one of her causes of action are therefore barred.

### SIXTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants state that neither Defendants are a covered "employer" pursuant to the FLSA, and each and every one of Plaintiff's causes of action are therefore barred.

### SEVENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred as a result of her failure to comply with the legal requirements, duties and obligations of being an employee.

### EIGHTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred because of her failure to comply with the reporting requirements of employees under the Internal Revenue Code ("IRC"), and in particular her failure to report her tip income to the Bar, as would have been her obligation under the IRC had she performed at Bar as an employee.

### NINTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred because her actions in regard to the tax compliance requirements concerning the income that she earned while performing at the Bar are inconsistent with having been an employee of the Bar.

### TENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred because the withholdings that would be due in regard to the tip income earned by the Plaintiff, as required by the IRC in the event that the Plaintiff were classified as an employee of the Bar, would more than completely offset any net wages to which Plaintiff may be found to have been entitled in the event that she is determined to have been an employee of the Bar during the applicable Statute of Limitations period, and, therefore, Plaintiff lacks standing to bring forth her claims.

### ELEVENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred by the Doctrine of Lathes as a result of Plaintiff having failed to timely assert the claims contained in her Complaint; thereby permitting Defendants to act to their detriment.

### TWELFTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Plaintiff's claims are barred by the Doctrine of Payment, as a result of the mandatory charges for entertainment services paid by customers/patrons directly to Plaintiff which Plaintiff obtained and did not remit back to the Bar.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that the mandatory fees for entertainment services that Plaintiff charged to customers/patrons were neither "tips" nor "gratuities" but actually service charges as the cost to customers/patrons for obtaining personal entertainment services, and therefore under the FLSA, such service charges can be used to offset any minimum wage/overtime obligations found to be owing in this action. Since Plaintiff was paid, and retained, such mandatory fees for entertainment services, and because the amount of such fees

that the Plaintiff earned and retained is far in excess of any minimum wages/overtime pay to which she may be found to be due **if** she were determined to have been an employee, Plaintiff's claims are barred as there have been no violations of the FLSA (again, even if she were ultimately found to have been an employee of the Defendants.)

## FOURTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred for the reason that she has failed to make restitution to the Defendants prior to initiating this litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred because she has failed to return to the Defendants the charges that she received from customers/patrons as payment for providing personal entertainment services to them, which by law and in equity would be the property of the Defendants if the Plaintiff were, in fact, an employee of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the Doctrines of Fraud, Fraud in the Inducement, Unjust Enrichment, and Equitable Estoppel, as Plaintiff agreed to perform as an independent professional dance entertainer; at all times she conformed her actions accordingly; at all times she retained the financial and other

benefits of that business relationship; and at no time prior to initiating her instant suit did she object to that business structure.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to the detrimental reliance of the Defendants upon the representations, agreements, actions, and material omissions of the Plaintiff regarding the nature of her business relationship with the Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the Doctrines of *In Pari-Delicto*.

### TWENTIETH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred to the extent that she consented to be treated as a non-employee and accepted all of the benefits of that business arrangement and structure without complaint or objection during the times that she performed, if at all, at the Bar.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred by application of the antecedent question of employment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to her failure to mitigate damages or to use reasonable care to prevent any damages from being incurred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred by Plaintiff having waived the right to any recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred under the Doctrine of Fairness enunciated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred because any damages are *de minimus* and/or nominal.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred as the Defendants acted reasonably and in good faith at all times referenced in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to abandonment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to the intentional misconduct of the Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that **if** Plaintiff were found to have been an employee of Defendants, Defendants are entitled to the reduced minimum wage requirements as set forth in Section § 203(m) of the FLSA as the Plaintiff would fall within the definition of being a "tipped employee" within the meaning of § 203(t) of the FLSA.

## THIRTIETH AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that mandatory tip pooling is lawful under the FLSA, and any claim of the Plaintiff predicated upon the opposite is therefore barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to the failure of consideration in that during her various performances she obtained and retained mandatory charges paid by customers/patrons for receiving personalized entertainment services; such monies of which would have otherwise been tendered to, and retained by, the Bar as an employer/employee relationship between the Plaintiff and the Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred because the present test under the FLSA to determine employee and employer status, and in particular to differentiate employees from independent contractors or non-employees, violates the First Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a complete and separate Affirmative Defense, Defendants assert that Plaintiff's claims are barred because the regulations promulgated by the United States Department of Labor under the FLSA are invalid.

**WHEREFORE**, Defendants respectfully requests that Plaintiff take nothing for this action and go hence without delay. Defendant further requests an award of attorney's fees and costs in defending this action, and for any other relief in law or equity as justice may require.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing has been sent to all participants of the CM/ECF Notification system, and by Electronic Mail, Hand Delivery or First Class U.S. Mail, postage prepaid this November 5, 2021 to all parties listed for electronic service, including: Thomas J. Mew IV, Esq., BUCKLEY BEAL, LLP, 600 Peachtree Street, NE, Suite 3900, Atlanta, Georgia 30308, Tmew@BuckleyBeal.com; Gregg C. Greenberg, Esq., ZIPIN, AMSTER & GREENBERG, LLC, 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910.

*/s/ M. Vincent Pazienza*
M. Vincent Pazienza, Esq. (FBN 96479)
PazLaw®
*Pro Hoc Vice Counsel for Defendants*
23110 State Road 54, #277
Lutz, Florida 33549-6933
Tel: (813) 949-9595 - Fax: (813) 949-8686
Primary e-mail: Vincent@PazLaw.com
Secondary e-mail: EFile@PazLaw.com