**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**(BRUNSWICK)**

| | |
|---|---|
| CANDACE MIZE | * |
| Plaintiff, | * |
| v. | *   Case No. 2:21-CV-38 |
| 300 "F" STREET, INC., et al, | * |
| Defendants. | * |

**JOINT MOTION FOR JUDICIAL APPROVAL OF**
**SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

Candace Mize ("Plaintiff") and 300 "F" Street, Inc. d/b/a Red Carpet Lounge Gentlemen's Club ("Red Carpet Lounge") and Scott B. Jackmore, individually (together, "Defendants"), (collectively the "Parties"), by and through their undersigned counsel, respectfully request that the Court approve the attached Settlement Agreement and Release ("Agreement", attached as Exhibit "1") resolving the above-captioned action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

For the reasons stated below, the Parties respectfully request that the Court find that the Agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and dismiss with prejudice Plaintiffs' FLSA and associated Florida state law Minimum Wage claims, with prejudice.

**I.   BACKGROUND**

1. On April 30, 2021, Plaintiff filed the above captioned against Defendants, seeking, on behalf of herself and others similarly situated, unpaid minimum wage compensation, statutory liquidated damages, and attorney's fees and costs.

2. The substance of Plaintiff's Complaint was that Defendants misclassified Plaintiff and other similarly situated exotic dancer employees at Defendants' Red Carpet Lounge Gentlemen's Club as independent contractors and, in doing so, failed to pay Plaintiff and other dancers minimum wage compensation at an hourly rate at least equal to the Federal Minimum Wage.

3. Defendants vigorously deny liability. As to their defenses, Defendants contend (i) Plaintiff and the other dancers were properly classified as independent contractors and therefore Plaintiff and others are not "employees" entitled to protections and/or relief under the FLSA; (ii) Defendants have gross annual receipts less than $500,000.00 and are therefore not a covered enterprise under the FLSA and, therefore Defendants are not bound by minimum wage obligations set forth by the FLSA or, in the alternative, (iii) if Plaintiff is entitled to unpaid wages under the FLSA, the balance of wages owed is substantially less than Plaintiff estimates to be due and owing; and (iv) if wages are owed to Plaintiff, any failure to pay Plaintiff was the product of good faith and therefore enhanced statutory liquidated damages should not be awarded.

4. Since about October 2021, the Parties, through counsel, have engaged in a good faith and arms-length settlement dialogue. As part of this dialogue, Defendants have voluntarily produced to Plaintiff's counsel all records Defendant had in its possession, custody, and control relating to Plaintiff's dancer relationship with the Defendants. Defendants have also proffered information relating to their financial information evincing limitations of Defendants to satisfy a substantial settlement or judgment.

5. Ultimately, the Parties agreed to a total settlement sum of $22,500.00 to be disbursed as follows: $12,500.00 payable to Plaintiff and $10,000.00 payable for Plaintiffs' attorney's fees and costs.

6. Following the agreement in terms to the Settlement, the Parties cooperatively drafted and thereafter executed the attached Agreement.

## II. STANDARD OF REVIEW

1. Pursuant to the case law of this Circuit, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.

2. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55.

3. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

4. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

  (1) the existence of fraud or collusion behind the settlement;

  (2) the complexity, expense, and likely duration of the litigation;

  (3) the stage of the proceedings and the amount of discovery completed;

  (4) the probability of plaintiff's success on the merits;

  (5) the range of possible recovery; and

  (6) the opinions of the counsel.

  *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. 2007).

5. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.* at * 2-3.

### III. FACTUAL AND LEGAL ANALYSIS

1. Plaintiff alleges she was employed by Defendants as an exotic dancer at Defendants' Red Carpet Lounge Gentlemen's Club for the period of about February 2018 through about December 2020.

2. While employed, the exact shifts and shift hours Plaintiff worked varied from week to week.

3. Plaintiff does not have records of the shift she worked. Similarly, Defendant does not have accurate or reliable records of the shifts Plaintiff worked.

4. While employed, Plaintiff estimates that she customarily worked about 3 shifts per week for a total of about 15-20 hours per week.

5. While employed, Defendant paid Plaintiff no wages at all.

6. Plaintiff alleges she is owed unpaid minimum wage compensation under the FLSA. *See Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997); *Shaw v. Set Enters.*, 241 F. Supp. 3d 1318 (D.S.F. 2017).

7. Plaintiff admits she agreed with Defendants to the classification of independent contractor. But, Plaintiff asserts that such an agreement and/or Plaintiff's subjective intent to be an independent contractor is not relevant or dispositive to Plaintiff's actual classification as contractor or employee. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947); *Secretary of Labor, United States Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1544-1545 (7th Cir. 1987) (The FLSA is designed to defeat rather than implement contractual arrangements); *Brennan v. Partida*, 492 F2d 707, 709 (5th Cir 1974) (holding that it does not "matter that the parties had no intention of creating an employment relationship, for application of the FLSA does not turn on subjective intent"); *Baker v. Flint Eng'g & Constr. Co.*, 137 F. 3d 1436, 1440 (10th Cir. 1998) (finding that rig welders were employees of general contractor even though parties signed an agreement stating an intent to maintain an independent relationship)

8. Plaintiff alleges that notwithstanding any agreement that may have been signed or entered into between the Parties, status as employee or contractor is determined by an analysis of certain defined economic reality factors. The factors regularly and customarily analyzed are the following: (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on her managerial skill; (3) the

        worker's investment in equipment or material, or her employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business. *See Harrell v. Diamond A Entm't, Inc*., 992 F. Supp. at 1350-53.

9. Plaintiff alleges her ongoing extended at-will relationship with Defendants, the substantial case law within the 11th Circuit and across jurisdictions affirming and re-affirming exotic dancers as employees under the FLSA, and consideration of all other economic factors confirms Plaintiff and Defendants' employee / employer relationship.

10. Defendants, however, distinguishes this matter from other cases where exotic dancers sued for unpaid wages. Defendants argue that Plaintiff was wholly free to operate independently of the club and were subject to no control or demands indicative of an employee/employer relationship. To this end, Defendants deny (i) they misclassified Plaintiff as an independent contractor; (ii) that an analysis of the true economic realities of Plaintiff's work relationship with Defendants had any indicia of an employee/employer relationship; and (iii) that even if Plaintiff is adjudged to have been an "employee" at any time during her relationship with Defendants, the money Plaintiff received in exchange from performing exotic dances at Red Carpet Lounge substantially exceeded the amount Plaintiff would have received had Defendants paid Plaintiff direct wages at the Federal Minimum Wage rate.

11. Defendants further contend that Defendants' gross annual receipts were substantially less than $500,000.00, and that Defendants did not otherwise engage in interstate commerce. To this end, Defendants assert the FLSA does not apply to Defendants' business operation and that Plaintiff has no viable or meritorious claim against Defendants under the FLSA.

12. In consideration of the Parties' stark differences in factual and legal positions, the risks, delays, and costs on both sides associated continued litigation, and Defendants' current and potential future financial position to satisfy a larger settlement or judgment, the Parties agreed to a full and final settlement in the amount and apportioned as set forth above.

13. There has not been no fraud or collusion with respect to the parties' settlement. Courts have found no fraud or collusion where all parties to the settlement were represented by counsel and the amount to be paid to the plaintiff(s) seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006).

14. In this matter, each party was independently represented by counsel with experience in litigating claims under the FLSA. Counsel for both parties were obligated to and did vigorously represent their clients' rights. Further, the parties' counsel represents to the Court that there was no fraud or collusion on their part.

15. Further, in this case, the probability of success on the merits, as well as the complexity, expense, and length of future litigation, also support approving the parties' settlement. Plaintiff and Defendants continue to disagree over the merits of the claims asserted by Plaintiff. If the parties continued to litigate this matter,

they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

16. As part of the settlement negotiations, the Parties voluntarily exchanged documents and/or positions relating to Plaintiff's claims and of Defendants' ability to satisfy a large judgment or settlement. To this end, there has been enough investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. In agreeing upon the proposed settlement, the Parties were able to conduct an informed analysis of the claims and defenses asserted.

17. In reaching the settlement, the Parties considered Plaintiffs' probability of success on the merits and the amounts they would be awarded if this case were to proceed to trial. As noted *supra*., Plaintiff and Defendants do not have accurate or objectively reliable records of the shifts or total hours Plaintiff worked. Based on Plaintiff's reasonable and reduced estimations, Plaintiff believe the balance of unpaid minimum wage compensation owed is calculated as follows:

| 2-Year Non-Willful Date Range | Weeks in 2-Year Non-Willful Date Range | Reduced by 20% to Account for Weeks with No/Less Work | Average Shifts Per Week | Average Hours Per Shift | Reduced Hours Per Week | Pre-Kickback Min Wage Owed Per Week | Reduced Average Kickback Per Shift | Total Free & Clear Wages Owed Per Week | Total Wages Owed for 20% Reduced 2-Year Non-Willful FLSA Recovery Period |
|---|---|---|---|---|---|---|---|---|---|
| April 2019 - December 2020 | 86 | 68.8 | 3 | 6.5 | 19.5 | $141.38 | $50.00 | $191.38 | $13,166.60 |

18. The Settlement in this case, with Plaintiff receiving $12,500.00 closely mirrors Plaintiff's estimated unpaid wage recovery and given the uncertainties of the case, represents a fair and reasonable settlement of Plaintiffs' claims.

19. In this case, Plaintiff's counsel, who bills at the rate of $400.00 per hour, has billed about 39.9 hours in the case ($400.00 per hour * 39.9 hours = $15,960.00), and has forwarded recoverable litigation costs in the amount of about $1,995.00.

20. In an arm's length negotiation separate and apart from the settlement of Plaintiff's underlying claims, Plaintiff's counsel agreed to accept payment by Defendants of attorney's fees and costs in the total gross amount of $10,000.00.

21. Although the settlement fee and cost payment by Defendants calculates to an amount less than Plaintiff's counsel's lodestar, in the interest of a settlement, Plaintiff's counsel accepted the lesser sum.

22. Plaintiff's counsel's agreement to accept $10,000.00 as a reduced fee and cost recovery is reasonable and in line with the work performed and the recovery received in this case.

## IV. CONCLUSION

The Parties, through counsel, have worked cooperatively to resolve this FLSA matter in a manner that adequately considers the strengths of Plaintiff's claims, the merits of Defendant's defenses, and the risk and uncertainty of litigation. Accordingly, the Parties respectfully ask this Court to grant this Joint Motion for Approval of the Settlement and enter an Order dismissing this matter, with prejudice.

Date:  December 29, 2021                            Respectfully submitted,

                                                /s/ Gregg C. Greenberg
                                      Gregg C. Greenberg, Esq.
                                        *By Pro Hac Vice*
                                        Zipin, Amster & Greenberg, LLC
                                        8757 Georgia Avenue, Suite 400
                                        Silver Spring, Maryland 20910
                                        Phone: 301-587-9373
                                        Email:  ggreenberg@zagfirm.com

                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2021, I served the above Joint Motion for Settlement Approval on Defendant via email and first-class mail, postage prepaid, to the following:

M. Vincent Pazienza, Esq.
PazLaw
23110 State Road 54, Suite 277
Lutz, Florida 33549

                                                /s/ Gregg C. Greenberg
                                        Gregg C. Greenberg