## SETTLEMENT AGREEMENT AND RELEASE

Dec 14, 2021

This Settlement Agreement And Release, dated this _____ day of December 2021, is by and between CANDACE MIZE ("CM"), and 300"F" STREET, INC. d/b/a RED CARPET LOUNGE and SCOTT B. JACKMORE ("RCL") (collectively, the "Parties").

WHEREAS, on April 30, 2021, CM filed a lawsuit in the United States District Court for the Southern District of Georgia, Brunswick Division (Case No.: 2:21-cv-00038-LGW-BWC) wherein CM alleged that he is owed wages by the RCL. (the "Action").

WHEREAS, RCL denies any and all liability to CM.

WHEREAS, all Parties are asserting their respective contentions in good faith, and all Parties realize the uncertainty and the time-consuming nature of litigation and desire to avoid spending additional time incurring additional expense in litigation.

WHEREAS, all Parties desire to enter into a compromise agreement that will terminate all disputes between them, all claims for relief, or causes of action with respect to all matters arising out of CM's claims or relating in any way to CM's employment relationship to or with RCL.

WHEREAS, the Parties have undertaken a good faith effort to apportion funds according to the relative strengths and weaknesses of CM's claims.

NOW, THEREFORE, CM and RCL hereby enter into this Agreement and voluntarily agree to the following terms and conditions in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged:

1.  **Release.**  In consideration of the terms and covenants set forth in this Agreement, including but not limited to the payments described herein, CM does fully release and discharge RCL and its respective affiliates, related entities, trusts, successors, assigns, and current and former owners, directors, officers, agents, employees, attorneys, and accountants and RCL hereby does fully release CM (collectively, "**Releasees**"), from all grievances, suits, causes of action, and claims of any nature whatsoever, whether known, unknown, or unforeseen, arising prior to and up to and including the Effective Date of this Agreement.  This release includes, but is not limited to: (i) all allegations by CM against RCL and by RCL against CM related to any period while CM employment with RCL; (ii) all allegations made against RCL by CM or RCL against CM in the Action or which could have been alleged in the action; (iii) any claim related to or concerning payment of wages; (iv) any discrimination or retaliation claims on any basis, including, but not limited to, race, color, national origin age, religion, sex, disability or handicap, sexual preference, whistle blowing,

political affiliation, appearance, and marital status arising under any federal, state or local statute or ordinance, order or law, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*), the Americans With Disabilities Act, the Equal Pay Act, as amended, the Family and Medical Leave Act, the Age Discrimination in Employment Act of 1967, as amended, and all applicable state and local human rights laws, as amended; (v) any other contract, tort or common law claim and any other claim under any other state, local or federal statute, ordinance law, or regulation, including but not limited to the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), and claims which may arise out of the Georgia General Statutes or the common law of Georgia; (vi) any claim under any legal or equitable theory that CM or RCL have or could have had against the opposite Parties prior to and up to and including the Effective Date of this Agreement; (vii) any and all possible legal and/or equitable relief including, but not limited to, wages, overtime, back pay, front pay, benefits, reimbursement, compensatory damages, punitive damages, damages for pain and suffering and emotional distress, and attorneys' fees and costs. **IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THIS RELEASE IS A MUTUAL GENERAL RELEASE.**

2. **Claims For Attorneys' Fees.** The Release set forth in Section 1 specifically includes, but is not limited to, all claims for attorneys' fees and costs asserted against the Releasees.

3. **Payments and Other Consideration.**

RCL shall make payment in the Total Sum of TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($22,500.00) ("the Settlement Amount"), to CM and her attorneys in full accord and satisfaction of CM's claim.

This Settlement Amount shall be allocated as follows:

i. TWELVE THOUSAND FIVE DOLLARS AND ZERO CENTS ($12,500.00) for CM as compensation for alleged unpaid wages, liquidated damages, and other compensatory damages; and

ii. TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) for CM's legal counsel as payment of CM's attorney's fees and out-of-pocket litigation expenses.

CM represents and warrants that the foregoing amount to be paid to CM is greater than the full amount claimed to be due for all wages claimed for her alleged employment relationship with RCL and for all alleged hours claimed to have been worked, plus all liquidated damages, compensatory damages, attorney's fees, and costs relating thereto.

CM agrees to hold RCL harmless against, and to indemnify RCL for, any and all claims by the Internal Revenue Service, any other taxing authority or taxing agency (whether federal, state, or local) which may be made against the RCL arising out of or relating to the RCL's failure to withhold any portion of the payment(s) for income or social security tax purposes, or for any other purpose, arising from the tax structure set forth in this Section 1, and agrees to reimburse RCL for any resulting payments, including without limitation, all liens, penalties, interest, withholdings, amounts paid in settlement to any governmental authority, and expenses, including but not limited to, defense expenses and attorney fees.

The Settlement Amount shall be delivered to CM's counsel, Zipin, Amster & Greenberg, LLC, 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910, by or before Monday, December 6, 2021.

Each Party shall bear its own court or other costs incurred in connection with the Action, except as otherwise expressly provided herein.

Within ten (10) business days following CM's receipt of the full Settlement Amount, the Parties shall jointly file a Motion for Court Approval of this Agreement and for Dismissal of the Action, With Prejudice. In such event as the Court does not grant the Parties' Motion, the Parties shall reasonably modify this Agreement and/or take other necessary steps to ensure the Court Approves the Parties' Agreement and Dismisses the Action, With Prejudice.

4. **No Publicity.**

Other than as necessary to submit this Agreement to the Court for approval and for Dismissal of the Action, With Prejudice, the Parties agree that they and their associates, agents and representatives shall not disclose or in any way assist in the disclosure of the existence of this Agreement nor any detail contained in this Agreement, including the amount stated in Section III and otherwise in this Agreement, to any person other than the Parties' respective tax/accounting/legal professionals.

5. **No Disparagement.**

The Parties agree that they will not take any deliberate action or cause others to take any deliberate action, by word or deed, to defame, disparage, or directly harm the interests of the other, or to interfere with the relations the other has with their customers, vendors, employees, performers, employers, prospective employers, or the public.

6. **Acknowledgments**.

By accepting the payments described in Section 3 of this Agreement, CM is representing, warranting and agreeing that the following statements are true and correct:

(a) RCL has paid CM through the date of her signature below all claimed wages, bonuses and other forms of compensation due for work performed on behalf of RCL, including any wages due to her;

(b) except as otherwise provided in this Agreement, CM is not entitled to receive compensation, fringe benefits, severance benefits or any other employee benefits of any kind from RCL or its parent or affiliated companies, subsidiaries, divisions, related business entities;

(c) CM has not suffered or incurred any workplace injury in the course of his employment with RCL on or before the date of his signature below, other than any injury that was made the subject of an injury report or workers' compensation claim on or prior to the date of his signature below; and

(d) CM has not filed any complaint, charge, lawsuit, or other legal action other than the Action that is now pending against RCL or any other released party.

7. **Non-Admission.**

CM acknowledges and agrees that neither the execution of this Agreement nor any of the terms contained in this Agreement, including, but not limited to, the payments and other consideration set forth herein, shall be construed or interpreted as an admission by RCL of liability or wrongdoing. RCL expressly denies any liability and states that RCL has entered into this Agreement solely for the purpose of compromising, according, and satisfying any and all claims, without the cost and burden of further negotiations, mediation, and litigation.

8. **Entire Agreement.**

This Agreement represents the entire agreement of the Parties as to all matters relating to the subject matter hereof, and supersedes, merges and replaces all prior or contemporaneous negotiations, offers, promises, representations and agreements in regard thereto. This Agreement completely sets forth the settlement. No other promises have been made. No Party is relying on any other statement made by any Party being released or by anyone acting on its behalf.

9. **Counterparts, Copies and Facsimiles.**

This Agreement may be signed in counterparts which, when taken together, shall constitute one agreement. Copies, facsimiles, electronic signatures, and scanned signatures shall have the same force and effect as original signatures. No payment required hereunder shall become due and payable until the Agreement is approved by the Court.

10. **Governing Law.**

This Agreement shall be governed by the laws of the State of Georgia, without regard to conflict of laws principles. Any action to enforce this Agreement shall be brought exclusively in the state or federal courts having jurisdiction over Glynn County, Georgia. In the event there is any litigation to enforce this Agreement, the prevailing party in a court of competent jurisdiction will be awarded her/its costs, expenses and reasonable attorneys' fees in addition to any monetary recovery.

11. **Validity.**

With the exception of the release provisions contained in Section 1, if any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement shall not be affected thereby and shall continue in full force and effect.

12. **No Presumption.**

All Parties acknowledge that they have had a full opportunity to review drafts of this Agreement and to make changes thereto, and in the event that an ambiguity or question of intent or interpretation arises as to this Agreement, no presumption or burden of proof shall apply favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

13. **Modification.**

The terms of this Agreement cannot be modified except by a writing signed by all Parties, or by all Parties in any way affected by the modification, and shall be binding upon and inure to the benefit of the Parties, their respective heirs, personal representatives, assigns, officers, directors, members, shareholders, attorneys and representatives.

14. **Acknowledgement.**

The Parties to this Agreement agree and acknowledge that: (a) any waiver of rights under this Agreement is **KNOWING AND VOLUNTARY**; (b) each Party has been advised to consult with, and has consulted with, an attorney before executing

this Agreement; (c) each Party has had time to read and consider this Agreement before executing it; (d) each Party has carefully read this Agreement; (e) each Party executing this Agreement has the capacity to understand this Agreement; and (f) each Party knows and understands the terms of this Agreement. Each Party further represents that she, he or it has executed this Agreement **KNOWINGLY AND VOLUNTARILY** and on advice of counsel and that this Agreement was freely negotiated and executed without fraud, duress or coercion, and with full knowledge of its significance, effects, and consequences.

**WHEREFORE**, the Parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

Dated: Dec 3, 2021

*candace mize*
candace mize (Dec 3, 2021 11:47 EST)
CANDACE MIZE

Dated:

Scott Jackmore (Dec 14, 2021 19:50 EST)
SCOTT B. JACKMORE

Dated:

300 "F" STREET, INC.

Scott Jackmore (Dec 14, 2021 19:50 EST)
By: Scott B. Jackmore, President

6